## State v. Thompson
### [Cite as 2 AOA 37]

*Case No. 11202*
*Montgomery County (2nd)*
*Decided March 29, 1990*

*R.C. 2929.71*

*Lorine M. Reid, Assistant Prosecuting Attorney, Appellate Division, 41 N. Perry Street, Suite 315, Dayton, Ohio 45422, Attorney for Plaintiff-Appellee.*

*Wayne P. Novick, 2450 Brittany Court, Centerville, Ohio 45459-3725, Attorney for Defendant-Appellant.*

WILSON, J.

A jury found Norvell Ray Thompson guilty of kidnapping and five counts of rape. The jury also found the defendant guilty of a firearm specification on each count. The defendant has appealed from the final order which included a sentence to serve a total minimum term of thirty years plus twelve years of actual incarceration.

There is one assignment of error:

"The trial court erred by sentencing defendant-appellant to twelve years of actual incarceration on the firearms specifications, thereby violating R.C. 2929.71."

R.C. 2929.71 (B) provides:

"(B) If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code, unless any of the felonies were committed as part of the same act or transaction. *If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses,* which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code." (Emphasis added.)

All of the criminal activity in this case took place within a matter of a few hours during the early morning of January 26, 1988. The victim was raped three times by the defendant in the apartment where she resided. She was raped in a parking lot outside of the apartment. The last rape occurred in a second apartment. It is reasonably clear from the record that the trial court viewed the kidnapping and each of the locations where the rapes occurred to be separate acts or transactions. We agree with the trial court that the defendant's conduct involved different acts. However, the word "transaction" is broader and not as precise as the word "act." The word "transaction" has been defined "to mean a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." *State* v. *Hague* (May 10, 1989), Summit App. No. 13859, unreported. This case also held that whether any of the felonies were committed as part of the same transaction is a factual determination for the trial court which should not be disturbed if the record contains sufficient evidence to support the determination.

It has also been held that the theft of a car and the act of joyriding in the same car nine days later was the same act or transaction. *Brown* v.

*Ohio* (1977), 432 U.S. 161.

We have held that "the word 'transaction' is sufficiently flexible to comprehend any number of criminal offenses so long as such offenses have a logical relationship and are committed within a continuous time sequence." *State* v. *Fudge* (Mar. 29, 1984), Clark App. No. 1873, unreported. This case also pointed out the requirement that any doubtful language in a criminal statute must be construed in favor of the accused.

In our view the criminal activity in this case involved only one transaction under R.C. 2929.71(B). The assignment of error is sustained.

Accordingly, three of the four three year terms of actual incarceration are vacated. In all other respects the judgment is affirmed.

*Affirmed in part, reversed in part.*

BROGAN, J., and GRADY, J. Concur.